## LANG–KIDDE CO., Inc., v. UNITED STATES.

### No. M–134.

Court of Claims.
March 13, 1933.

Albert E. James, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, WHALEY, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

The petitioner is a corporation duly organized under the laws of the state of New York and brings this suit to recover additional income taxes in the sum of $4,563.95 on the ground that the taxes were illegally collected.

The plaintiff filed its 1919 income tax return timely in 1920 and paid the tax shown thereon in quarterly payments, the last payment being made on December 14, 1920, in the total sum of $7,034.04. Thereafter, and prior to April 18, 1929, the Commissioner of Internal Revenue audited the return made by plaintiff and determined and assessed an additional tax in the amount of $4,563.95 for the year 1919, and this sum was duly paid by the plaintiff on April 18, 1929. A claim for refund was duly filed on June 11, 1929, and was rejected by the Commissioner on March 7, 1930. The refund claim was on the refusal of the Commissioner to allow a deduction of a loss of $5,000 claimed by plaintiff in its 1919 return.

The defendant has interposed a special plea in bar in which it is alleged that at the time plaintiff paid the additional assessment there was also due and owing to the defendant as interest, collectible according to law, upon the delayed payment of the additional taxes assessed and collected, the further sum of $2,690.60, and payment of this sum was demanded of the plaintiff; that on July 3, 1930, the plaintiff filed with the collector of Internal Revenue for the second district of New York a written offer in compromise of its obligation to pay the sum of $2,690.60 and tendered the sum of $1,345.30 in full and final settlement of its liability to the defendant. The collector recommended its acceptance and the general counsel of the Bureau in writing also recommended its acceptance to the Commissioner. The Acting Deputy Commissioner likewise recommended its acceptance, and the Commissioner of Internal Revenue accepted it and transmitted it to the Secretary of the Treasury, who approved it on November 25, 1930. Plaintiff was notified of its acceptance by letter dated December 5, 1930.

The plaintiff has filed a replication to the special plea in which it alleges "said offer in compromise and the acceptance thereof were and were intended to be a compromise solely of the said unpaid liability for interest in the said amount of $2,690.60 and were not intended to be a complete, full, and final settlement of the entire tax liability of plaintiff for the said year 1919 and were not and were not intended to be by either party a settlement of the then pending dispute concerning plaintiff's income and profits-tax liability for said year."

The sole question in the case is what was intended by the parties when the offer of compromise of the interest was submitted by the plaintiff and accepted by the defendant. From the papers in the case it appears the plaintiff endeavored to compromise the additional assessment, but the offer was rejected, and, after the refusal of the offer of compromise, paid the tax and filed refund claims which were also rejected. There only remained the accumulated interest which ran at the rate of 1 per cent. a month, and it was in reference to this interest that the offer of compromise was made and accepted.

In the offer in compromise, which was duly sworn to, the plaintiff says:

"In making this offer, and as part of the consideration thereof, the taxpayer hereby

expressly agrees that all payments and other credits heretofore made to the account(s) for the year(s) under consideration, for which an unpaid liability exists, shall be retained by the United States, and, in addition, the taxpayer hereby expressly waives—

"1. Any and all claims to refunds of overpayments to which—may be entitled under the Internal Revenue laws for any years, calendar or fiscal, or any period fixed by law, expiring prior to the date of acceptance of the offer, due through overpayment of any tax, interest, or penalty, or interest on overpayments or otherwise, as is not in excess of the difference between the tax liability sought to be compromised herewith and the amount herein offered, and agrees that the United States may retain such refunds or overpayments, if any."

An offer in compromise when accepted is a contract. If the plaintiff were not liable for the principal, he could not be liable for the interest. The failure to make a tax payment when due subjects the taxpayer to the payment of interest. The offer in compromise of the interest on a certain amount of taxes paid is, in its very nature, an acknowledgment or acquiescence in the liability for the tax under the statute. The interest follows the delayed payment of the tax, and without legal liability for the tax on which the interest is computed there can be no liability for the interest. When an offer is made in compromise of interest calculated on an amount found due as a tax and not timely paid, it is a settlement in full of both the tax and the interest.

The provisions of section 158 of title 26 of the U. S. Code, 26 USCA § 158 (formerly section 3229, Revised Statutes) were fully complied with in effecting the compromise. When the offer was accepted by the government, the transaction was closed and included all controversies between the parties as to the taxes, additional interest, and penalties for the year or years in question. Lone Star Brewing Association v. United States, 61 Ct. Cl. 118.

The agreement of the parties is binding and conclusive. The special plea is sustained, and the petition is dismissed. It is so ordered.

WILLIAMS, LITTLETON, and GREEN, Judges, concur.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.