**BROWN v. UNITED STATES.**
No. 42587.

Court of Claims.
May 4, 1936.

This case having been heard by the Court of Claims, the court, upon a stipulation of the facts, and the evidence, makes the following special findings of fact:

1. The plaintiff filed suit in this court on January 17, 1934, to recover $22,260.67 income taxes paid by him for the year 1918, together with interest thereon, a timely and sufficient claim for refund having been filed and disallowed. Thereafter, on March 16, 1934, the plaintiff wrote the Commissioner of Internal Revenue, in part as follows:

"* * * I am willing to settle the controversy upon a basis of a tax liability of $8,073.72, with interest thereon up to the date whereon payment was made by me, with the understanding that the difference between such tax liability (plus the interest thereon) and the total amount heretofore paid by me with interest as allowed by law, will be refunded to me."

2. Under date of August 13, 1934, the Assistant General Counsel, Bureau of Internal Revenue, recommended to the Department of Justice that plaintiff's offer be accepted and that a certificate of overassessment issued in the amount of $19,-027.22.

3. Under date of September 13, 1934, the Commissioner of Internal Revenue was authorized and directed by the Attorney General to make administrative settlement in accordance with plaintiff's offer.

4. On December 31, 1934, a check covering the refund of $19,027.22, and interest thereon of $6,725.21, in favor of the taxpayer, was issued and forwarded to the Collector for the Second District of New York for transmittal to the taxpayer. The overassessment appeared on Schedule IT-54226. The certificate of overassessment issued to the taxpayer contained the following statement:

"This certificate of overassessment is issued pursuant to the direction contained in the letter from the Department of Justice dated September 13, 1934, and payment of the sum mentioned herein is made and accepted in full settlement of the issues involved in the case of Edward D. Brown v. United States, now pending in the Court of Claims of the United States, and the dismissal of said action with prejudice."

5. Accompanying plaintiff's offer in settlement was a signed motion to dismiss the suit, which motion has been held in escrow by the Department of Justice until and when payment in settlement was accepted. Plaintiff denies full payment and declines authorization to file a motion to dismiss.

6. In April, 1935, the defendant asked for the issuance against plaintiff of a rule to show cause why the petition should not be dismissed. The plaintiff answered on April 20, 1935, and the court discharged the rule April 24, 1935. The plaintiff's answer raised the issue whether the plaintiff is entitled to a refund of a portion of certain interest compromised under the following circumstances:

(a) Plaintiff filed his 1918 tax return on or before March 15, 1919, showing a tax liability of $4,000 and paid to the defendant within the time prescribed by law the sum of $3,084.71 and the difference $915.29 was abated by the defendant.

(b) On November 5, 1927, the defendant assessed additional income taxes for 1918 against the plaintiff of $22,260.67 plus interest thereon at 6 per cent. per annum from February 26, 1926 (date of passage of the Revenue Act of 1926), to November 5, 1927, amounting to $2,262.66, total demand of $24,523.33. The said $24,523.33 was not paid until January 29, 1929, at which time the defendant increased the demand by $3,473.58, representing interest at 12 per cent. per annum from November 5, 1927, to January 21, 1929.

(c) On January 29, 1929, the plaintiff paid to the defendant the additional taxes of $22,260.67, plus the said interest thereon at 6 per cent. of $2,262.66 up to November 5, 1927. With respect to the 12 per cent. interest from November 5, 1927, to January 21, 1929, of $3,473.58 the plaintiff filed an offer in compromise in the sum of $1,736.79 (6 per cent. on the additional assessment).

(d) This offer was approved by the collector for the reason that no willful attempt to evade the tax was shown, and was accepted by and with the consent of the Secretary of the Treasury in accordance with section 283 (d) of the Revenue Act of 1926 (44 Stat. 64). The plaintiff was notified of the acceptance on April 12, 1929.

Frederick O. Graves, of Washington, D. C. (Miller & Chevalier and John E. Mc-Clure, all of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff within the time required by law filed his 1918 income tax return showing a tax liability of $4,000. This amount, less $915.29 which was abated by the defendant, was duly paid.

Thereafter the Commissioner of Internal Revenue, on November 5, 1927, assessed additional taxes against plaintiff for 1918 in the sum of $22,260.67, plus interest thereon from February 26, 1926, to the date of assessment amounting to $2,262.66, or a total of $24,523.33. This amount was not paid until January 29, 1929, at which time the demand was increased by $3,473.58, representing interest at 12 per cent. from the date of the additional assessment to January 21, 1929. The plaintiff filed an offer in compromise in respect to the 12 per cent. interest mentioned of $3,473.58, which offer was duly accepted and the plaintiff paid in settlement of the same $1,736.79.

On February 7, 1929, plaintiff filed a claim for refund for $26,260.12, representing the amount of the additional taxes and interest paid for the year 1918, which claim was rejected by the Commissioner on May 29, 1929. Thereafter, on January 17, 1934, plaintiff filed suit in this court to recover the said taxes and interest.

On March 16, 1934, plaintiff wrote the Commissioner of Internal Revenue proposing to settle the controversy upon the basis of "a tax liability of $8,073.72, with interest thereon up to the date whereon payment was made by me, with the understanding that the difference between such tax liability (plus the interest thereon) and the total amount heretofore paid by me with interest as allowed by law, will be refunded to me." The compromise offer of plaintiff was duly accepted by the responsible officers of the defendant, and on December 31, 1934, a check covering the refund of $19,027.22 and interest thereon of $6,725.21 in favor of the taxpayer was issued and forwarded to the collector of internal revenue for transmittal to the

taxpayer, together with a certificate of overassessment showing the computation of the overpayment on the basis of a tax liability for the year of $8,073.72. The overassessment of $19,027.22 was computed, as shown by the certificate, as follows:

Income Tax assessed:

| | |
|---|---|
| Original account No. 318020 | $4,000.00 |
| Additional, November 1927 List #1, page 1, Line O | 22,260.67 |
| Interest | 2,262.66 |
| Total assessed | $28,523.33 |
| Less previously allowed | 915.29 |
| Net assessment | $27,608.04 |
| Tax liability....... $8,073.72 | |
| Interest .......... 507.10 | |
| | 8,580.82 |
| Overassessment | $19,027.22 |

In the computation of the overpayment, the Commissioner did not take into consideration the $1,736.79 interest paid by plaintiff under the compromise agreement in respect to interest claimed by the defendant on the additional assessment of $22,260.67 from the date of assessment until the payment of the tax.

The certificate of overassessment which plaintiff received with the check for the amount shown to be due thereon contained the following statement:

"This certificate of overassessment is issued pursuant to the direction contained in the letter from the Department of Justice, dated September 13, 1934, and payment of the sum mentioned herein is made and accepted in full settlement of the issues involved in the case of Edward D. Brown v. United States, now pending in the Court of Claims of the United States, and the dismissal of said action with prejudice."

The plaintiff received the check for the amount of the overpayment, with interest, cashed the same, and has retained the proceeds. He has, however, refused to permit the filing of a motion to dismiss the case, which was placed with the defendant in escrow, on the grounds that there is an additional amount of $1,366.61 due under the compromise agreement, because of the failure of the Commissioner to take into consideration in his computation the interest payment of $1,736.79.

The compromise proposal submitted by the plaintiff was couched in plain simple words, and there can be no doubt as to their meaning. The plaintiff proposed to settle the controversy involved in this suit on the basis of a tax liability of $8,073.72 with interest thereon up to the date of the payment of the tax—the difference between such tax liability, plus interest, and the total amount theretofore paid by him was to be refunded with interest. The proposal was accepted by the defendant and thereby became a contract between the parties. Lang-Kidde Co. v. United States, 2 F.Supp. 768, 77 Ct.Cl. 280. The Commissioner in his computation of the amount—taxes and interest—theretofore paid by plaintiff in respect to his 1918 tax liability failed to include the interest item of $1,736.79, although that item was unquestionably a part of the "total amount" paid. It is immaterial that the payment was made under a compromise agreement, the defendant claiming at the time that a larger amount was due. The plaintiff, under the compromise agreement, was entitled to have this interest payment included in the computation of the "total amount" paid by him, the excess of which over the agreed tax liability of $8,073.72, plus interest, was to be refunded. Manifestly therefore the additional amount claimed was due plaintiff under the compromise agreement.

The defendant contends, however, that the plaintiff, having accepted the check in full settlement of all the issues involved in the pending suit, is estopped and precluded from asserting claim for an additional amount. While the certificate of overassessment stated that payment of the sum mentioned therein was made and accepted in full settlement of the issues involved in the pending case, it is clear that the plaintiff did not so accept it as he refused consent to the filing of the motion to dismiss, and immediately made application to the Bureau of Internal Revenue for the payment of the amount claimed.

The principle of estoppel is not applicable under the facts disclosed. Under the agreement the amount to be refunded was a matter of simple computation. The certificate of overassessment showed on its face that the amount of the overpayment was understated in the amount of the interest item in question. There could be no bona fide dispute as to that, or as to the amount due under the agreement. In these circumstances the acceptance of the check does not estop the plaintiff from asserting claim for the additional amount actually due him under the compromise agreement.

The plaintiff in the petition alleges that he overpaid his taxes for the year 1918 in the sum of $22,260.67 and interest thereon in the amount of $3,999.45. Because of the compromise agreement of settlement, the court has not been called upon to make a determination as to the amount of taxes actually due and has not done so. The compromise agreement of a tax liability of $8,073.72 for the period involved is accepted by the court as the basis for determination of the amount the plaintiff is entitled to recover on his petition. Upon this basis the plaintiff is entitled to recover the sum of $1,366.61 in addition to the amount already refunded and paid to him, and judgment in that amount is awarded.

It is so ordered.